# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

CLIFFORD W. MILLER,

    Plaintiff,

v.

ROMEO ARANAS and the
NEVADA DEPARTMENT OF
CORRECTIONS,

    Defendants.

Case No.: 3:17-cv-00068-MMD-WGC

**Order**

Re: ECF No. 27

Before the court is Plaintiff's Motion for Leave to File Second Amended Complaint (SAC), declaration of counsel, and proposed SAC. (ECF Nos. 27, 27-1, 27-2.) Defendant Romeo Aranas filed a response. (ECF Nos. 31, 31-1, 31-2.) Plaintiff filed a reply. (ECF No. 32.)

For the reasons set forth below, Plaintiff's motion is granted.

## I. BACKGROUND

Plaintiff filed his original complaint and application for leave to proceed in forma pauperis (IFP) on February 2, 2017. (ECF Nos. 1, 1-1.) He was proceeding pro se. The court screened the complaint and dismissed Counts I and II with leave to amend, and dismissed Count III with prejudice. (ECF No. 3.) Plaintiff filed his amended complaint on February 27, 2018. (ECF No. 5.) Plaintiff was allowed to proceed with an Eighth Amendment deliberate indifference to serious medical needs claim against John Does III and IV based on allegations that he has a vision problem, and that these physicians believed surgery might help but did not ask the utilization review panel (URP) to consider it. He was also allowed to proceed with an Eighth Amendment claim against Dr. Aranas based on allegations that Dr. Aranas was aware of a recommendation for Plaintiff to

have a consultation with another doctor concerning his eye problem, but did not approve the consultation. All other claims were dismissed. (ECF No. 6.)

The parties participated in an early mediation conference, but attempts to settle the case were unsuccessful. (*See* ECF No. 14.) Plaintiff's IFP application was granted, and the court ordered the issuance of a summons and service on Dr. Aranas. (ECF No. 16.) The Attorney General's Office accepted service for Dr. Aranas on July 24, 2019. (ECF No. 19.) Dr. Aranas filed his answer on August 26, 2019. (ECF No. 24.)

Terri Keyser-Cooper, Esq., entered an appearance on behalf of Plaintiff and filed this motion for leave to file the SAC on the same date. (ECF Nos. 26, 27.) The proposed SAC seeks to add an Americans with Disabilities Act (ADA) claim against the Nevada Department of Corrections (NDOC), revises the allegations of the Eighth Amendment claim against Dr. Aranas, and dismisses all other defendants and claims.

Dr. Aranas argues that leave to amend should not be given with respect to the ADA claim against NDOC because the ADA prohibits discrimination based on disability, but does not apply to inadequate treatment for disability. Dr. Aranas does not otherwise oppose the motion for leave to amend.

## **II. DISCUSSION**

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A), (B). Otherwise, a party must seek the opposing party's written consent or leave of court to amend a pleading. Fed. R. Civ. P. 15(a)(2).

"The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given where amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted).

The court finds that leave to amend is proper under Federal Rule of Civil Procedure 15(a)(2); however, the court will now review the proposed SAC to determine whether amendment would be futile in any regard.

Preliminarily, the court notes that Dr. Aranas does not oppose Plaintiff's motion for leave to amend insofar as the Eighth Amendment claim against him is concerned; therefore, the court will allow the amendment in that regard. The court will now turn to whether leave should be given to assert the ADA claim against NDOC.

"Congress enacted the ADA in 1990 to remedy widespread discrimination against disabled individuals." *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 675 (2001). "To effectuate its sweeping purpose, the ADA forbids discrimination against disabled individuals in major areas of public life, among them employment (Title I of the Act), public services (Title II), and public accommodations (Title III)." *Id*.

If a plaintiff seeks to state a claim under Title II of the ADA, he or she must allege facts showing that: (1) he or she is a qualified individual with a disability as the term is defined under the ADA; (2) he or she was excluded from participation in or denied the benefits of the services, programs, or activities or subject to discrimination by a public entity (which includes any State or local government, department, agency, special purpose district or other instrumentality of a State or States or local government); and (3) the exclusion, denial of benefits, or discrimination was by reason of the disability. *See* 42 U.S.C. § § 12131, 12132.

The Supreme Court has confirmed that state prisons qualify as a public entity under Title II of the ADA. *See United States v. Georgia*, 546 U.S. 151, 154 (2006) (citation omitted).

The proposed SAC alleges that Plaintiff is a qualified individual wit a disability because he is blind in one eye, but has never learned to compensate for that vision loss. He avers that he was subject to discrimination by NDOC based on his disability because NDOC failed to accommodate his reasonable request for a modification of its policies to allow him to see Dr. Hong, a specialist recommended by Dr. Fischer, after nearly 20 years of having surgery recommended for him and being denied the surgery based on NDOC policies. He alleges that this discrimination, failure to accommodate and request for modification of NDOC's policies was intentional.

Dr. Aranas opposes Plaintiff's motion to amend to add an ADA claim against NDOC on the basis that Plaintiff's ADA claim is really based on the failure to provide him with alleged recommended medical treatment, which Dr. Aranas claims is actionable under the Eighth Amendment, but not the ADA. Dr. Aranas relies on the following authority: *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1012 (9th Cir. 2010), *overruled on other grounds by Castro v. City of L.A.,* 833 F.3d 1060 (9th Cir. 2016) (en banc); *Marlor v. Madison County Idaho*, 50 Fed.Appx. 872, 874 (9th Cir. 2002); *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996); *Banda v. Doe*, 2:19-cv-00095-RFB-CWH, 2019 WL 3936660 (D. Nev. Aug. 19, 2019); *Sutton v. Nevada*, 3:19-cv-00268-MMD-WGC, 2019 WL 3939061 (D. Nev. July 30, 2019).

In his reply, Plaintiff asserts that he has alleged he is a qualified individual with a disability, i.e., blindness in one eye where he had not learned to compensate for his vision problem. In addition, he argues that he was discriminated against because his disability was not reasonably accommodated when NDOC failed to modify its "one good eye" policy.

In *Simmons*, the court considered whether a pretrial detainee was excluded from outdoor recreation because of his depression (which he claimed was a disability under the ADA). *Simmons,* 609 F.3d at 1021. The court concluded it was not because the denial of outdoor recreation was due to a jail policy restricting inmate activities while an inmate is on suicide watch. *Id*. at 1021-22. The court also determined that to the extent it was argued that the ADA was violated because the he was deprived or programs to lessen his depression: "The ADA prohibits discrimination because of disability, not inadequate treatment for disability." *Id*. at 1022 (citing *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996)).

In *Marlor*, the plaintiff claimed that the jail violated the ADA by failing to provide him with medical equipment (rubber crutch tips). In an unpublished decision, the Ninth Circuit held that "[i]nadequate medical care does not provide a basis for an ADA claim unless medical services are withheld *by reason of* a disability." 50 Fed. Appx. at 873 (citations omitted).

In *Banda*, District Judge Boulware issued a screening order. The plaintiff alleged that he was diagnosed with a blood infection because the medical staff had not flushed his IV, and he was not afforded the same care as others. *Banda,* 2019 WL 3936660, at *3. Judge Boulware concluded Plaintiff did not state an ADA claim because he was asserting he received inadequate treatment. *Id*.

In *Sutton,* the undersigned issued a report and recommendation after screening an IFP and pro se complaint. This court concluded the plaintiff did not state an ADA claim because the alleged failure to provide mental health treatment was not actionable under the ADA. *Sutton,* 2019 WL 3839061, at *6.

This case is distinguishable from those cited by Dr. Aranas. Here, unlike those cases, Plaintiff not only alleges that he was denied recommended treatment, but also that he was

5

discriminated against when NDOC refused to modify its policies concerning prisoners with vision problems affecting only one eye, and he seeks modification of those policies as relief.

Discrimination under the ADA includes a public entity's failure to "make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7); *see also Pierce v. County of Orange*, 526 F.3d 1190, 1214 n. 25 (9th Cir. 2007) (because Congress authorized the Attorney General to promulgate regulations under the ADA, the regulations are given legislative weight unless "arbitrary, capricious, or plainly contrary to the statute.").

Accordingly, the court finds that Plaintiff states a plausible claim for relief against NDOC under Title II of the ADA.

### III. CONCLUSION

(1) Plaintiff's Motion for Leave to file SAC (ECF No. 27) is **GRANTED**, and Plaintiff may proceed with the SAC;

(2) The Clerk shall **FILE** the SAC (ECF No. 27-2);

(3) The Attorney General's Office shall file a notice within **14 days** of the date of this Order advising the court and Plaintiff's counsel whether it is accepting service of the SAC on behalf of Dr. Aranas and NDOC. If service is not accepted on behalf of any defendant, the Attorney General's Office shall serve Plaintiff's counsel with the last known address(es) for such defendant(s). If the last known address is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address. Plaintiff is reminded that service must be perfected within 90 days of the date of this Order. If the Attorney General accepts service

for any defendant, such defendant(s) shall file and serve an answer or other response to the complaint within **30 days** of the filing of the notice accepting service.

**IT IS SO ORDERED**.

Dated: November 13, 2019.

_____
William G. Cobb
United States Magistrate Judge