# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

CLIFFORD W. MILLER,

    Plaintiff

v.

ROMEO ARANAS, et. al.,

    Defendants

Case No.: 3:17-cv-00068-MMD-WGC

**Report & Recommendation of
United States Magistrate Judge**

Re: ECF Nos. 38, 51

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's Motion for Preliminary Injunction. (ECF Nos. 38, 38-1 to 38-5.) Defendants filed a response. (ECF Nos. 45, 45-1 to 45-9.) Plaintiff filed a reply. (ECF Nos. 48, 48-1.)

Also before the court is Plaintiff's Motion for Partial Summary Judgment. (ECF Nos. 51, 51-1 to 51-4.) Defendants filed a response, and supplemental response .(ECF Nos. 55, 55-1 to 55-8, errata at 56-1; supplement at ECF Nos. 68, 68-1 to 68-10.) Plaintiff filed a reply. (ECF Nos. 69, 69-1 to 69-5.)

After a thorough review, it is recommended that the motions be denied without prejudice.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding with this action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA). Defendants are Dr. Romeo Aranas and NDOC.

Plaintiff filed his original complaint and application for leave to proceed in forma pauperis (IFP) on February 2, 2017. (ECF Nos. 1, 1-1.) The court screened the complaint, and dismissed it with leave to amend. (ECF No. 3.) Plaintiff filed a first amended complaint (FAC) on February 27, 2018. (ECF No. 5.) The court screened the FAC and determined Plaintiff could proceed with an Eighth Amendment deliberate indifference to serious medical needs claim based on allegations that he was blind in one eye due to a traumatic cataract, he was seen by doctors who told him his condition was treatable, but he was not provided the required surgery. (ECF No. 6.)

Plaintiff was proceeding pro se when he filed the complaint and FAC. On August 27, 2019, Terri Keyser-Cooper, Esq., appeared on behalf of Plaintiff (ECF No. 26), and filed a motion for leave to file a second amended complaint (SAC) (ECF No. 27) and proposed SAC (ECF No. 27-2). The court granted the motion, and allowed Plaintiff to proceed with the SAC which asserted an Eighth amendment deliberate indifference to serious medical needs claim against Dr. Aranas, as well as a claim under Title II of the ADA against NDOC. (ECF No. 34, SAC filed at ECF No. 35.)

On November 19, 2019, Plaintiff filed a motion for preliminary injunction seeking the following relief: (1) modification of NDOC's alleged policy of rejecting one-eyed prisoners for corrective surgery; and (2) that his disciplinary conviction for filing a grievance for his ADA claim be expunged. (ECF No. 38.) Plaintiff subsequently filed a motion for partial summary judgment which references the Eighth Amendment, Title II ADA claim as well as the alleged improper disciplinary conviction. (ECF No. 51.)

The court held a hearing on March 2, 2020. The court addressed Defendants' request in their opposition to the motion for partial summary judgment to postpone resolution of Plaintiff's

motion because Defendants sought to conduct discovery, including deposing some of Plaintiff's

treating doctors. Deputy Attorney General (DAG) Rands also advised the court that NDOC was

in the process of having Plaintiff referred to a general ophthalmologist for a consultation

regarding cataract surgery. DAG Rands further represented that Plaintiff was already authorized

for surgery if it was recommended by the ophthalmologist.

The court also discussed Plaintiff's request in the motion for preliminary injunction for an

order expunging Plaintiff's disciplinary record. Plaintiff asserted that he was improperly

disciplined for filing a grievance to exhaust his administrative remedies as to the ADA claim.

Plaintiff's counsel explained that this was part of a claim for retaliation under the ADA, but

acknowledged that the retaliation claim was not part of the SAC. Deputy Attorney General

(DAG) Rands represented that he would discuss with his clients whether they would agree to

expunge the disciplinary conviction, which would render moot the necessity to file a third

amended complaint, as well as that aspect of the relief request in the motion for preliminary

injunction.

The court ordered that the motion for preliminary injunction and motion for partial

summary judgment would be held in abeyance for 90 days so that DAG Rands could confer with

his client on the disciplinary issue, and so Plaintiff could be seen by a general ophthalmologist

for the surgery consultation ,and so additional discovery could be conducted. The court allowed

Defendants to file a supplement to their response to the motion for partial summary judgment,

which was to be followed by Plaintiff's reply.

On March 15, 2020, Plaintiff filed a motion for leave to file a third amended complaint

(TAC), which adds the claim for retaliation under Title II of the ADA. The motion indicated that

NDOC would not agree to expunge Plaintiff's disciplinary conviction related to filing the ADA

grievance. The court has issued an order granting the motion (ECF No. 70); therefore, the TAC (ECF No. 71) is now the operative complaint.

On June 18, 2018, Defendants filed their supplement to the motion for partial summary judgment. (ECF Nos. 68, 68-1 to 68-10.) The supplement indicates that Plaintiff was seen on March 12, 2020, by another ophthalmologist, Dr. Robert Wolff, who diagnosed a traumatic cataract of the right eye, and recommended cataract surgery. (ECF No. 68-1.) As was mentioned above, NDOC's Utilization Review Panel had previously approved the consultation, and surgery, if recommended. (ECF No. 68-2.) The supplemental response indicates that the surgery was delayed due to the COVID-19 pandemic, but there is no declaration to that effect; however, Defendants do provide a declaration from Candis Rambur, R.N., stating that Plaintiff was scheduled for the surgery before the end of June 2020. (ECF No. 68-3.)

Terry Keyser-Cooper, Esq., filed a reply brief on behalf of Plaintiff on June 30, 2020, and as of that time, she had not received word as to whether Plaintiff had received his cataract surgery. (*See* ECF No. 69.) To date, the court has not received any further information as to whether Plaintiff has received the authorized surgery.

## II. DISCUSSION

"It is well-established in our circuit that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (quoting *Forsyth v. Humano, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, 927-28 (9th Cir. 2012); *also citing Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011)). "In other words, 'the original pleading no longer performs any function….'" *Id.* (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992)). Therefore, Plaintiff's TAC superseded the SAC;

and because the motion for preliminary injunction and motion for partial summary judgment were directed to the SAC, which is no longer in effect, the motions should be denied as moot. *See id.*

The motions should also be denied without prejudice for the following additional reasons:

In the motion for preliminary injunction, Plaintiff first asks the court to order NDOC to modify NDOC's alleged policy of rejecting one-eyed prisoners for corrective surgery. It appears that insofar as Plaintiff seeks preliminary injunctive relief and argues that *he* faces irreparable harm in the absence of such relief, the request may be moot given that Plaintiff has now been authorized for cataract surgery and may have already received the surgery.

The next point reiterates the discussion above regarding the TAC superseding the SAC. The motion for preliminary injunction and motion for partial summary judgment also focus on Plaintiff's disciplinary conviction for filing the ADA grievance. The ADA retaliation claim premised on those allegations was not part of the SAC when those motions were filed. Since the motions were directed at the SAC, the SAC did not contain an ADA retaliation claim, and the SAC is no longer in effect, it would be inappropriate to consider those arguments now.

For these reasons, Plaintiff's motions should be denied without prejudice.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING WITHOUT PREJUDICE** Plaintiff's motion for preliminary injunction (ECF No. 38) and motion for partial summary judgment (ECF No. 51).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report

and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: July 24, 2020

_____
William G. Cobb
United States Magistrate Judge