**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CLIFFORD MILLER,

    Plaintiff

v.

ROMEO ARANAS, et. al.,

    Defendants

Case No.: 3:17-cv-00068-MMD-WGC

**Order**

Re: ECF No. 75

    Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC) and is proceeding with this action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA). (Third Amended Complaint (TAC), ECF No. 71.) Plaintiff was pro se when he filed his original complaint, but subsequently secured counsel, Terri Keyser-Cooper, Esq. Defendants NDOC and Dr. Romeo Aranas are represented by Deputy Attorney General (DAG) Douglas Rands, Esq.

    Plaintiff can see out of his left eye, but cannot see out of his right eye due to a cataract that resulted from a gun-shot wound to the head in 1999. He alleges that he has been incarcerated within NDOC since roughly 2001, and since that time several doctors have opined that he requires cataract and eye realignment surgery to correct his vision in his right eye. One doctor he saw at NDOC in 2016, opined that he had neurological damage and would never see out of his right eye.

    He filed this lawsuit in 2017 pursuant to 42 U.S.C. § 1983, and subsequently filed a first amended complaint (FAC), asserting an Eighth Amendment deliberate indifference to serious medical needs claim against Dr. Romeo Aranas based on allegations that he was denied surgery

due to NDOC policies, including its "one good eye" policy. (ECF Nos. 1-1, 5.) Before filing his original complaint, he filed grievance 2006-30-19027, which served to exhaust his administrative remedies under the Prison Litigation Reform Act (PLRA) for the Eighth Amendment claim asserted in the original and FAC. (ECF Nos. 75-2, 75-5, 92-2, 92-3.)

After obtaining counsel, it was determined that Plaintiff should seek leave to amend to assert a claim under the Title II of the ADA against NDOC, alleging that he was discriminated based on his disability of monocular blindness when NDOC failed to make a reasonable accommodation by modifying its policies to make him eligible for surgery.

Before bringing that claim in federal court, Plaintiff, as instructed by counsel, filed a grievance within NDOC, grievance 2006-30-85801, in order to exhaustion his administrative remedies under the PLRA as to the ADA claim. (ECF Nos. 75-3, 92-8.) Plaintiff was disciplined for abuse of the grievance procedure, with prison officials concluding that his grievance was duplicative of his earlier grievance filed about his cataract issues. He was found guilty and disciplined to 15-days loss of canteen privileges. (ECF Nos. 75-3 at 14, 16, 92-9 at 2.)

Plaintiff was granted leave to amend to assert the ADA claim in his second amended complaint (SAC). (ECF Nos. 34, 35.)

Ms. Keyser-Cooper communicated to Mr. Rands that she and her client viewed the disciplinary action over the grievance to be retaliatory under the ADA, and requested that NDOC expunge the disciplinary action from Plaintiff's record, claiming his disciplinary record within NDOC was exemplary up to that point. NDOC apparently refused. As a result, Plaintiff moved for and was granted leave to amend to file the TAC which included an ADA retaliation claim against NDOC. (ECF Nos. 70, 71.)

The court notes that after Plaintiff had requested eye surgery over a nearly twenty-year period, and was denied surgery, NDOC agreed to have the surgery performed several years after Plaintiff initiated this litigation, in June of 2020. Unfortunately, the surgery was not successful. (ECF No. 76 at 3 n. 2; ECF No. 92-7 at 7.)

Plaintiff has filed two motions for partial summary judgment. The motion at issue in this order is the motion that seeks partial summary judgment on the issue of liability for the ADA retaliation claim. (ECF No. 75.) In their response to Plaintiff's motion for partial summary judgment, Defendants dispute that Plaintiff needed to file another grievance to exhaust his administrative remedies as to the ADA claim, and argue that the grievance was duplicative of his previously filed grievance. They also assert that he was required to file a separate form to assert a reasonable accommodation request.

In the motion, Plaintiff stated specifically that he seeks partial summary judgment on the issue of liability of the ADA retaliation claim against NDOC, and wished to go to trial on the issue of *damages* for this claim. In his reply brief, however, Plaintiff states that he has withdrawn his request for damages as subsequent research has determined Plaintiff's only possible relief in an ADA Title II retaliation claim is *injunctive relief*. (ECF No. 96 at 2 n. 3, 5-6.) Plaintiff states that because injunctive relief is the only available remedy, no jury trial is available.

Plaintiff's motion mentioned that after the TAC was filed, defense counsel offered to dismiss the discipline from Plaintiff's record, which is the *injunctive relief* Plaintiff is seeking. It is not clear, however, whether NDOC has in fact gone ahead and dismissed or expunged the disciplinary charge, in which case the claim for injunctive relief under the ADA's anti-retaliation provision would be rendered moot.

**CONCLUSION**

The parties shall meet and confer on this issue and file a notice with the court by **5:00 p.m.** on **Tuesday, February 2, 2021**, regarding whether it has dismissed/expunged the disciplinary charge against Plaintiff for filing what NDOC deemed a duplicative grievance, and if so, whether this renders the ADA retaliation claim moot.

**IT IS SO ORDERED**.

Dated: January 28, 2021

                                                      William G. Cobb
                                                      United States Magistrate Judge