AARON D. FORD
  Attorney General
DOUGLAS R. RANDS, Bar No. 3572
  Senior Deputy Attorney General
State of Nevada
Public Safety Division
100 N. Carson Street
Carson City, Nevada 89701-4717
Tel: (775) 684-1150
E-mail: drands@ag.nv.gov

*Attorneys for Defendants*
*Romeo Aranas and the Nevada*
*Department of Corrections*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CLIFFORD W. MILLER,<br><br>              Plaintiff,<br><br>v.<br><br>ROMEO ARANAS, et al.,<br><br>              Defendants. | Case No. 3:17-cv-00068-MMD-WGC<br><br>**OPPOSITION TO PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF NO 103)** |

Defendants, Romeo Aranas and the Nevada Department of Corrections, by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and Douglas R. Rands, Deputy Attorney General, hereby oppose Plaintiff's Objection to Magistrate Judge's Report and Recommendation (ECF No. 103). This response is based on the following memorandum of points and authorities and all papers and pleadings on file herein.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    RELEVANT FACTS AND PROCEDURAL HISTORY**

This is a prisoner civil rights suit brought by Plaintiff Clifford Miller ("Plaintiff"), pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate lawfully incarcerated by the Nevada Department of Corrections ("NDOC") at Warm Springs Correctional Center ("WSCC").

On July 22, 2020, Plaintiff filed his Third Amended Complaint (FAC), (ECF No. 71). In his TAC, Plaintiff alleges he is a disabled man and an inmate at WSCC.

///

1     Dating back to 1999, Plaintiff has had issues with his right eye and claims he needs to have that eye re-aligned and a cataract removed. (ECF No. 71 at 2-3.) These issues are a result of Plaintiff's attempted suicide as he committed his crimes in 1999. (Id.) The self-inflicted gunshot injury caused his right eye to point outward and impaired his vision. (Id. at 5.)

    Plaintiff alleges that for many years, he saw doctors relating to his eye condition. (ECF No. 71 at 2-6). He was not given surgery on his right eye during that time frame.

    Plaintiff requested and saw many different doctors for his condition over the years. In February 2016, Plaintiff saw Benjamin Seljestad, O.D. at NNCC. Dr. Seljestad examined Plaintiff and told him that he had neurological damage to his right eye and the eye could not be fixed. (ECF No.92-1). In spite of that diagnosis, On May 26, 2016, Plaintiff was scheduled, by the NDOC, to see Dr. Fischer. Dr. Fischer is an ophthalmologist. Dr. Fischer told Plaintiff he would write a letter advising NDOC of Plaintiff's need to have surgery, opining the surgery should be conducted by a Dr. Hong in Reno, as Dr. Fisher did not do the strabismus surgery. Dr. Fischer did write a letter to NDOC. (ECF No. 92-4). In his letter, Dr. Fischer states that Plaintiff needs strabismus surgery and recommends that Plaintiff see Dr. Hong in Reno.

    On September 25, 2019, Plaintiff was seen by Dr. Hong. In spite of Plaintiff's assertion that Dr. Hong has recommended that an ophthalmologist perform cataract surgery on Plaintiff, (ECF No. 38 at 8:21), Dr. Hong actually recommended a referral to a general ophthalmologist for a cataract evaluation. (ECF No. 92-5). Additionally, Dr. Hong advised Plaintiff's Counsel that his treatment was <u>NOT</u> urgent and was elective surgery. (ECF No. 92-6). On June 30, 2020 plaintiff underwent cataract surgery with Dr. Robert Wolfe. (ECF No. 92-7). Unfortunately, due to damage to Plaintiff's optic nerve, as diagnosed by Dr. Seljestad, the surgery did not restore his vision. (Id.).

    Plaintiff filed a second grievance. (ECF No. 92-8) Plaintiff was disciplined for abusing the grievance process by filing multiple grievances. The fact that he designated the second grievance as an "ADA" grievance does not mitigate that it was on the same factual issue as the prior grievance.

    On August 8, 2020, Plaintiff filed his motion for Partial Summary Judgment. (ECF No. 75) Plaintiff alleges he is entitled to Summary Judgment on his claim that NDOC retaliated against him for filing an ADA grievance. In fact, he was disciplined for abuse of the grievance process for filing a

2

duplicate grievance. (ECF No. 92-9) Both grievances request surgery for his cataract condition. Therefore, realistically, they are for the same issue. Plaintiff, through his Counsel, now argues that the grievances are different in that the second grievance is about modifying policy. (ECF No. 75 at 8:21). However, as stated clearly, in his "ADA" grievance (ECF No. 92-8), his remedy request, in the informal grievance, was for surgery. This is the exact same remedy request in his first grievance (ECF No. 92-2). Therefore, the grievances could be considered duplicate. At least, as to the request for Summary Judgment, Plaintiff's motion should be denied.

On February 5, 2021, Magistrate Judge Cobb issued a Report and Recommendation recommending that Plaintiff's Motion for Summary Judgment (ECF No. 75) be denied. (ECF No. 99). Judge Cobb found that there is a dispute as to the reason for Plaintiff's discipline and, therefore, summary judgment is not appropriate as to this claim. (ECF No. 99 at 16:18). Judge Cobb is correct, and this Court should accept his report and recommendation. Plaintiff, in his Objection, recites and restates his arguments in summary judgment. (ECF No. 101) However, he does not show that the decision of the Magistrate Judge is clearly erroneous or contrary to law. Therefore, his opposition should be denied.

## II. DISCUSSION

### A. The Magistrate Judge's Order is Not Clearly Erroneous or Contrary to Law.

"A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case under LR IB 1-3, when it has been shown the magistrate judge's order is clearly erroneous or contrary to law." However, "review under the 'clearly erroneous' standard is significantly deferential, requiring a 'definite and firm conviction that a mistake has been committed.'" *Concrete Pipe & Prods. of Cal. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 623 (1993). The "clearly erroneous" standard applies to a magistrate judge's factual findings, whereas the "contrary to law" standard applies to a magistrate judge's legal conclusions. See, e.g., *Grimes v. Cty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991).

This Court has previously stated, in *Reberger v Westfay*, 3:17-cv-00077-MMD-WGC, 2019 WL 6976036 (D. Nev. 2019):

///

A party may properly object to a magistrate judge's pretrial matters under LR IB 3-1 only by showing that such ruling is clearly erroneous. Plaintiff failed to properly object. Even if Plaintiff had properly objected to Judge Cobb's pretrial rulings, the record and Plaintiff's arguments instantly raised in the Objection do not support a finding of clear error. See *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010) (quotation omitted) ("A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed.").

Plaintiff has not shown the report is clearly erroneous. Plaintiff disagrees with the report, which he explains, but disagreement is insufficient to meet the deferential "clearly erroneous" standard. Plaintiff, in his objection, spends considerable time and energy re- arguing his Motion for Summary Judgment (ECF No. 101). He argues that his claim is for equitable relief, only. (Id. at 1:19) He further argues that a trial would be a waste of time, and the Court should grant his motion. (Id. at 1) He argues that the Court's resources would be better spent by deciding this matter on the pleadings. However, he does not show how the Magistrate Judge's decision is clearly erroneous.

**B.  The Magistrate Judge Was Correct in Recommending Denial of Plaintiff's Motion for Summary Judgment.**

Summary judgment should not be granted where a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The court shall consider all admissible affidavits and supplemental documents attached to a motion for summary judgment. *See Connick v. Teachers Ins. & Annuity Ass'n,* 784 F.2d 1018, 1020 (9th Cir. 1986). The moving party has the initial burden of demonstrating that summary judgment is proper, *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 152 (1970), and factual inferences should be drawn viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986).

To defeat summary judgment, the non-movant must present "specific facts showing there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The non-movant's evidence should be such that a "fair minded jury could return a verdict for [him or her] on the evidence presented." *Id*. at 255. The opposing party is not required to establish a material issue of fact conclusively as it is enough that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv.*, *Inc. v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 631 (9th Cir. 1987). The evidence of the non-moving party is to be believed, and all reasonable inferences that may

1 be drawn from the facts placed before the Court must be drawn in favor of the opposing party.
2 *Anderson*, 477 U.S. at 255.

3     In this case, there is such evidence.  In this matter, the Magistrate Judge found; "… there is no
4 doubt that Plaintiff was engaged in protected activity in filing a grievance to attempt to exhaust his
5 claim under the ADA. Nor is it disputed that Plaintiff suffered an adverse action when he was
6 disciplined in connection with filing the grievance.  There remains a factual dispute, however, as to
7 whether the protected activity (filing a grievance in an attempt to exhaust administrative remedies for
8 the ADA claim) was the but-for cause of the disciplinary action."  (ECF No. 99 at 13:4).  Judge Cobb
9 further stated; "NDOC argues, however, that Plaintiff did not need to file another grievance in order to
10 exhaust his administrative remedies as to the ADA claim, and AR 740 permits a prison official to
11 discipline an inmate who raises the same issue in multiple grievances." (Id. at 13:16).

12     The Supreme Court held in *Jones v. Bock* that a prison's own grievance process, not the PLRA,
13 determines how detailed a grievance must be to satisfy the PLRA exhaustion requirement. 549 U.S. at
14 218, 127 S.Ct. 910.  A grievance need not include legal terminology or legal theories unless they are in
15 some way needed to provide notice of the harm being grieved. A grievance also need not contain every
16 fact necessary to prove each element of an eventual legal claim. The primary purpose of a grievance is
17 to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation. See
18 *Johnson v. Johnson*, 385 F.3d at 522, cited with approval in Jones, 549 U.S. at 219, 127 S.Ct. 910.
19 *Griffin v. Arpaio*, 557 F.3d 1117 (9th Cir. 2009).  Therefore, as found by Judge Cobb, there is a factual
20 dispute as to whether the grievance was proper or necessary.

21     As Judge Cobb found, the fact remains, however, that under *Griffin*, it appears Plaintiff should
22 not have been required to file a second grievance to exhaust the ADA claim, and AR 740 does say that
23 an inmate can be disciplined for raising the same issue in multiple grievances. Therefore, there is a
24 dispute of fact as to whether Plaintiff was disciplined for attempting to exercise his right to exhaust his
25 administrative remedies, or whether he was disciplined for including the same issue in multiple
26 grievances, which is an abuse of the grievance process under AR 740. (ECF No. 99 at 14:16).  Plaintiff
27 has failed to show how this determination is clearly erroneous or contrary to the law.  Therefore, his
28 objection should be denied.

Plaintiff argues that that neither the Magistrate Judge, nor the NDOC cited cases directly on point. (ECF No. 101 at 14:20 and 15:1) He further argues that the Court's reliance on the holding in *Griffin* is misplaced. (ECF No. 101 at 15). Plaintiff expresses concerns that *Griffin* allows an inmate to rely on the prison's grievance policy rather than the PLRA for exhaustion purposes. (Id. at 15:12). Actually, that is the United States Supreme Court that held that the prison's grievance policy, rather than the PLRA that determines how detailed a grievance must be. See *Jones*, supra. In this case, Plaintiff's two grievances requested identical relief. (ECF No 92-2 at 4 and 92-8 at 4). He does not request that the policy be changed. In spite of his argument that the grievances were separate and distinct, (ECF No. 101 at 15:22), the remedy requested was the same. Therefore, this is the definition of a factual dispute for trial.

## III.   CONCLUSION

As Defendants have shown, Plaintiff's objection should be overruled. Plaintiff fails to show that the Magistrate Judge's Order is clearly erroneous or contrary to law. Accordingly, Defendants respectfully request this Court accept and adopt the Order in full.

DATED this 11th day of March, 2021.

AARON D. FORD
Attorney General

By:   */s/ Douglas R. Rands*
DOUGLAS R. RANDS, Bar No. 3572
Senior Deputy Attorney General

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this 11th day of March, 2021, I caused to be served a copy of the foregoing, **OPPOSITION TO PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF NO 103)**, by U.S. District Court CM/ECF Electronic Filing to:

Terri Keyser-Cooper
Law Office of Terri Keyser-Cooper
125 Edgewater Parkway
Reno, NV 89519
Keysercoooper@lawyer.com

                                                 */s/ Roberta W. Bibee*
                                                 An employee of the
                                                 Office of the Attorney General