TERRI KEYSER-COOPER, NV Bar 3984
Law Office of Terri Keyser-Cooper
2395 Viejo Place
Lake Havasu City, AZ 86406
(775) 337-0323
keysercooper@lawyer.com

DIANE K. VAILLANCOURT, NV Bar 9277
Law Office of Diane K. Vaillancourt
849 Almar Ave., Ste. C403
Santa Cruz, CA 95060
(831) 332-2303
vaillancourt@cruzio.com

*Attorneys for Plaintiff Clifford Miller*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CLIFFORD W. MILLER | Case No. 3:17-cv-0068-MMD-WCG |
| Plaintiff, | **UNOPPOSED MOTION**<br>**TO MODIFY PRETRIAL ORDER**<br>(Fed.R.Civ.P. 16(e)) |
| vs. | Bench Trial Date:   March 28, 2022<br>Time:                        9:00 a.m. |
| ROMEO ARANAS, et al., | |
| Defendants. | Jury Trial date:       April 4, 2022<br>Time:                        9:00 a.m. |
| _____/ | |

### I.  MODIFICATION OF THE PRETRIAL ORDER

"Under Rule 16(e) of the Federal Rules of Civil Procedure, the district court has authority to modify a pretrial order if, in the court's discretion, the modification is necessary to prevent manifest injustice." *United States v. First National Bank of Circle,* 652 F.2d 882, 887 (9th Cir. 1981). For a court to properly exercise its discretion to modify the order, it must consider such factors as: (1) the degree of prejudice to the plaintiff resulting from a failure to modify; (2) the degree of prejudice to defendant from a modification; (3) the impact of a modification at this stage of the litigation on the orderly and efficient

1

conduct of the case; and (4) the degree of willfulness, bad faith, or inexcusable neglect on the part of the moving party. *Olivier v. Union Pacific,* 862 F.2d 318 (9th Cir. 1988).

## II.     MODIFICATIONS REQUESTED

### A.   Modification To Include Additional Injunctive Relief In Plaintiff's Retaliation Claim

In the JPO, Plaintiff Miller requested only the removal of Plaintiff's discipline from his NDOC record in his retaliation claim. To align NDOC's policy with the PLRA's grievance mandate, Plaintiff seeks to add an additional item of injunctive relief: An order directing NDOC to clarify when and under what circumstances an inmate must administratively exhaust an ADA claim when he has previously exhausted a medical claim. Therefore, should Plaintiff Miller prevail on this claim, he would move this Court for such an order.

There is an inescapable conflict between the law and NDOC grievance polices which must be modified to avoid manifest injustice. By challenging the retaliation claim, NDOC makes clear it has no intention of resolving this conflict and other inmates will likely suffer the same fact as Miller foreseeably will suffer again because of this conflict. Miller is an inmate who is serving a life sentence. He has a disability – blindness in one-eye – that involves conditions of confinement and utilization of medical services. It is foreseeable that in the course of his incarceration, he will need again to grieve matters that involve both his constitutional rights and the ADA. His ability to do so will be chilled by the continuation of NDOC's policy promising discipline for following the PLRA's legal mandate.

In 2017, when Miller filed his federal lawsuit, he alleged only a § 1983 action. In 2019, Miller sought to add an ADA claim. Miller read the law requiring exhaustion of **all** claims brought under all federal laws. Miller was aware that *O'Guinn v. Lovelock Correctional Center*, 502 F.3d 1056, 1061 (9th Cir. 2007) held that suits brought under the ADA, or any other Federal law, must be exhausted pursuant to the Prison Litigation Reform Act ("PLRA"):

Nothing in the ADA or the Rehabilitation Act carves out an exception to the PLRA

2

exhaustion requirement. On the other hand, the PLRA specifically prohibits suits 'under section 1983 of this title **or any other Federal law**.' 42 U.S.C. §1997e(a), absent exhaustion." See *Salgado v. Garcia,* 384 F. 3d 769, 773-74 (9th Cir. 2004). The Supreme Court has noted that in enacting the PLRA Congress intended it to apply **to all federal laws** with respect to prisoner suits, with the intent that prison officials would have the first opportunity to address prison conditions." (Emp. added).

Miller was in an impossible Catch-22 position, damned if he filed an ADA grievance and damned if he didn't. Miller filed an ADA grievance to begin the exhaustion process on what would be his ADA claim. Miller was promptly disciplined. NDOC asserted Miller had abused the grievance process because his 2016 grievance was the same as his 2016 grievance, duplicative and thus subject to discipline. Yet as Judge Cobb noted, if Plaintiff had not attempted to exhaust his ADA claim, his ADA claim was subject to a dismissal or summary judgment for failure to exhaust. (ECF No. 99, 14 at 11-16).

By following the law as mandated in the PLRA, Miller brought discipline upon himself for failing to follow NDOC rules. This conflict between the PLRA and NDPC rules cannot be allowed to stand. Miller and other inmates will be harmed if it is permitted to stand.

The issue is made more complex by the October 14, 2019 grievance response by Warden Wickham affirming Miller's discipline: "The NDOC grievance process does not make a distinction between a medical complaint or ADA complaint." Maybe so, but federal law does in fact make such a distinction. In federal court an ADA claim is vastly different than a § 1983 claim, with different elements, defenses, and proof requirements. Adding further confusion, NDOC's grievance policy mandates "one issue" only per grievance. Had Plaintiff brought up an ADA claim and a medical claim, asking for different relief, in the same grievance, he would again be subjected to discipline. Court intervention is respectfully requested to avoid the manifest injustice this confusion creates. NDOC will not be prejudiced by this modification; NDOC has been on notice of this Catch-22 situation as the parties have addressed this issue in all pleadings. There is no issue of bad faith or inexcusable neglect.

**B.   Modification to Include Additional Injunctive Relief In Plaintiff's ADA Claim**

Plaintiff respectfully requests the JPO be modified to include a Court order that the "one good eye policy," Medical Directive ("M.D.") 123.03, be modified or eliminated, should he prevail in this action. It was held to be the "paradigm of deliberate indifference" in the *Colwell v. Bannister* case. The Ninth Circuit soundly rebuked NDOC for its "one good eye policy" yet the policy continues in full force to this day.

As matters stand, if Miller were to secure a jury verdict in his favor on his ADA claim, NDOC would remain free to not remove, modify, or amend, MD 123.03 – just as it failed to do following the Ninth Circuit's decision in *Colwell v. Bannister*. This Court has noted that "M.D. 123.03 is essentially a 'one good eye policy' because an inmate is not eligible for cataract surgery if he or she has a normal visual acuity in one eye." (ECF 109, 5 at 1-3).

This "one good eye policy" violates U.S. Code § 12182(2)(A) because it imposes an "eligibility criteria that screens out or tends to screen out an individual with a disability" from enjoying the services, facilities, privileges, advantages that nondisabled persons enjoy. It is facially discriminatory because an inmate with monocular blindness, like Miller, who is disabled, will be precluded from cataract consideration on the basis of his disability. If Miller had two bad eyes – whether disabled or not – M.D. 123 would permit him to have surgery; but if he has "one good eye" he cannot. Miller's disability precludes him from consideration for cataract surgery when, under this policy, nondisabled inmates without blindness in either eye are candidates for cataract surgery. That is a facially discriminatory policy on the basis of Miller's disability.

For all of these reasons Miller respectfully requests that he be permitted to modify his relief request to include not only damages for intentional discrimination, but also an order that NDOC modify or eliminate M.D. 123.03. Such an order would prevent manifest injustice and future discrimination against inmates disabled with monocular blindness who still have one good eye. This JPO modification

will not prejudice NDOC as Miller has put this topic at issue in all his pleadings. There is no issue of bad faith or inexcusable neglect.

### III. CONCLUSION AND CERTIFICATION

Miller respectfully requests the JPO filed in this matter, (ECF No. 123) be modified to add the two above mentioned claims for relief to avoid manifest injustice.

DATED: This 7th day of December 2021.

/s/ *Terri Keyser-Cooper*
TERRI KEYSER-COOPER
DIANE K. VAILLANCOURT
*Attorneys for Plaintiff Miller*

**IT IS SO ORDERED:**

_____
THE HONORABLE MIRANDA DU
UNITED STATES DISTRICT JUDGE

DATED:   December 7, 2021

## **DECLARATION OF ATTORNEY DIANE K. VAILLANCOURT**

I, Diane K. Vaillancourt, am an attorney licensed to practice law in the State of Nevada and am one of the attorneys of record representing Plaintiff Miller in the above-entitled matter.

1. On Friday, November 26, 2021, my colleague Terri Keyser-Cooper emailed the above "Motion to Modify Pretrial Order" to defense counsel Rands to see if he would agree to it and permit plaintiff's counsel to file the motion as unopposed. I was copied with this email.

2. On Monday, December 6, 2021, defense counsel Rands wrote Ms. Keyser-Cooper and myself a return email agreeing to the motion being filed as unopposed with certain suggested changes.

3. On this date, I returned defense counsel Rands' email agreeing to the suggested changes and confirming that I would file the motion as unopposed.

4. I incorporated the suggested changes verbatim into the motion and adjusted the title of the motion to alert the Court to the fact that the motion is unopposed.

I declare under penalty of perjury that the foregoing is true and correct, except as to the matters stated on information and belief, and as to those matters, I believe them to be true.

DATED: December 7, 2021

/s/ *Diane K. Vaillancourt*
Diane K. Vaillancourt
LAW OFFICE OF DIANE K. VAILLANCOURT

## CERTIFICATE OF SERVICE

I, Diane K. Vaillancourt, declare as follows:

I am over the age of 18 years and not a party to this action. My business address is 849 Almar Ave., Ste. C403, Santa Cruz, CA 95060.

On this date, I served a copy of the following documents on the parties in this action as follows:

UNOPPOSED MOTION TO MODIFY RELIEF REQUESTED IN JPO

[ ]     BY UNITED STATES MAIL.  By placing a true copy of the above-referenced document(s) in the United States Mail in a sealed envelope with postage prepaid to the addressee(s) listed below.

[ ]     BY FACSIMILE TRANSMISSION.  By transmitting a true copy of the document(s) by facsimile transmission

[ ]     BY HAND-DELIVERY.  By delivering a true copy enclosed in a sealed envelope to the address(es) shown below.

[X]     BY ELECTRONIC SERVICE.  By electronically mailing a true copy of the document(s) to defendants at the following email addresses via the Court's electronic filing procedure:

AARON D. FORD
Attorney General
DOUGLAS R. RANDS
Senior Deputy Attorney General
State of Nevada
100 N. Carson Street
Carson City, Nevada 89701

I declare under penalty of perjury that the foregoing is true and correct.

DATED: December 7, 2021.

/s/ *Diane K. Vaillancourt*
DIANE K. VAILLANCOURT