| | |
|---|---|
| 1 | AARON D. FORD |
| | Attorney General |
| 2 | DOUGLAS R. RANDS, Bar No. 3572 |
| | Senior Deputy Attorney General |
| 3 | State of Nevada |
| 4 | Public Safety Division |
| | 100 N. Carson Street |
| 5 | Carson City, Nevada 89701-4717 |
| | Tel: (775) 684-1150 |
| 6 | E-mail: drands@ag.nv.gov |
| 7 | |
| | TERRI KEYSER-COOPER, NV Bar 3984 |
| 8 | DIANE K. VAILLANCOURT, NV Bar 9277 |
| | PETER C. WETHERALL, SBN 4414 |
| 9 | c/o Law Office of Terri Keyser-Cooper |
| | 2395 Viejo Place |
| 10 | Lake Havasu City, AZ 86406 |
| 11 | (775) 337-0323 |
| | keysercooper@lawyer.com |
| 12 | vaillancourt@cruzio.com |
| | pwetherall@wetherallgroup.com |
| 13 | *Attorneys for Plaintiff Clifford Miller* |

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| CLIFFORD W. MILLER, | Case No. 3:17-cv-00068-MMD-WGC |
| Plaintiff, | **STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE** |
| v. | |
| ROMEO ARANAS, et al. | |
| Defendants. | |

Plaintiff Clifford W. Miller, and Defendants ROMEO ARANAS, et. al, by and through their respective counsel, hereby stipulate that the above-captioned action should be dismissed with prejudice pursuant to the attached Settlement Agreement by order of the Court, with costs and fees

///

1

1 | to be determined by the Court by separate motion.

2

3 | DATED this 25th day of March, 2022				DATED this 25th day of March, 2022

4 | TERRI KEYSER-COOPER, NV Bar 3984			AARON D. FORD
5 | DIANE K. VAILLANCOURT, NV Bar 9277			Attorney General
  | PETER C. WETHERALL, SBN 4414
6 | c/o Law Office of Terri Keyser-Cooper
  | 2395 Viejo Place
7 | Lake Havasu City, AZ 86406
  | (775) 337-0323
8 | keysercooper@lawyer.com
  | vaillancourt@cruzio.com
9 | pwetherall@wetherallgroup.com

10

11 | By: */s/ Terri Keyser-Cooper*				By: */s/ Douglas R. Rands*
  |     Terri Keyser-Cooper					   Douglas R. Rands
12 |     Law Office of Terri Keyser-Cooper			   Senior Deputy Attorney General
  |     2395 Viejo Place					   *Attorneys for Defendants*
13 |     Lake Havasu City, AZ 86406
14 |     *Attorney for Plaintiff*

15

16						IT IS SO ORDERED:

17						[signature]

18						U.S. FEDERAL DISTRICT COURT JUDGE

19						DATED: 3/25/2022

20

21

22

23

24

25

26

27

28

2

**CLIFFORD MILLER. v. ROMEO ARANAS; NEVADA DEPT. OF CORRECTIONS.**
Case No. 3:17-cv-00068-MMD-CSD
(United States District Court, District of Nevada)

## SETTLEMENT AGREEMENT AND FULL AND FINAL RELEASE

THIS SETTLEMENT AGREEMENT AND FULL AND FINAL RELEASE (the "Agreement") is made this day by and between the NEVADA DEPARTMENT OF CORRECTIONS, on behalf of itself and all of its officers, directors, employees, former employees, agents, predecessors, divisions, institutions, successors, administrators, and assigns (collectively, the "NDOC"), including, but not limited to Romeo Aranas, and any other persons named in the Complaint (as defined herein), and Plaintiff CLIFFORD MILLER (and collectively with NDOC, the "Parties").

### I. RECITALS

**WHEREAS,** Plaintiff commenced the above-captioned litigation (the "Litigation") against Defendant Aranas and the Nevada Department of Corrections by filing a Complaint and subsequent Amended Complaints (collectively, the "Complaint") alleging violations of federal law as well as the Eighth and Fourteenth Amendments to the United States Constitution; and

**WHEREAS,** Romeo Aranas was at all times relevant in the Complaint an NDOC employee; and

**WHEREAS,** at all times relevant in the Complaint, Plaintiff Clifford Miller (former was an inmate incarcerated within the NDOC system at Northern Nevada Correctional Center in Carson City, Nevada; and

**WHEREAS,** the claims in the Complaint relate to matters occurring while Plaintiff has been in NDOC custody; and

**WHEREAS,** in reviewing the claims in the Complaint, both the NDOC and the individually-named defendant in the Litigation, Romeo Aranas, deny that the NDOC or its employees engaged in any culpable conduct or that the rights of Plaintiff were violated; and

**WHEREAS,** without making any admission of liability on either part, the NDOC and the Plaintiffs reached a settlement (the "Settlement") to amicably resolve the disputes between them

Settlement Agreement In the Matter of
Miller v. Aranas, et al.
Case No. 3:17-cv-00068-MMD-CSD
Page 2 of 6

covering the facts alleged in the Complaint, and to release, discharge, compromise, settle and resolve all claims or causes of action they may have against each other with regard to such facts.

## II. SCOPE OF AGREEMENT

To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the claims in the Complaint, and in consideration of the mutual promises and obligations set forth in this Agreement, the Parties agree and covenant as follows:

A. The scope of this Agreement covers ALL events of the disputes herein described, all persons described, and those events or occurrences complained of in the Complaint, and all subsequent pleadings filed in the Litigation.

B. The scope of this Agreement also covers all claims, known or unknown as of the date of this Settlement, regardless of the nature of those claims, and any disputes, causes of actions, and controversies arising from or relating to the Litigation, which includes any claims arising from the United States Constitution, the Nevada Constitution, federal and state statutory and administrative law, the Nevada Revised Statutes, and/or common law.

C. The Plaintiffs forgo any legal claims relating to the Litigation as against all named defendants and potential defendants as they would relate to the allegations in the Complaint.

## III. AGREEMENT

A. In exchange for the Plaintiff's release of the pending legal claims in the Litigation against the NDOC and the named defendant, the NDOC and the Plaintiff hereby agree to finally settle all claims, disputes, and controversies, known or unknown, arising from and relating to the disputes in the Litigation, pursuant to the following terms:

    1. Within thirty (30) days of the filing of a stipulation to dismiss the Litigation, NDOC will pay to Plaintiff a total of SEVEN THOUSAND FIVE HUNDRED DOLLARS ($7,500) by check made out to the Law Office of Terri Keyser-Cooper.

2

Settlement Agreement In the Matter of
Miller v. Aranas, et al.
Case No. 3:17-cv-00068-MMD-CSD
Page 3 of 6

2. Within thirty (30) days of the execution of this Agreement, NDOC will cause the discipline imposed upon Plaintiff which is the subjection of his retaliation claim to be retracted, rescinded, stricken from Plaintiff's prison record, and sealed or otherwise deleted so that said discipline can never be disclosed or argued to the Pardon's Board.

3. NDOC acknowledges and agrees that its internal policies and procedures for dealing with inmates with monocular blindness shall conform to the requirements of Colwell v. Bannister, 763 F.3d 1060 (9th Cir. 2014). Specifically, NDOC acknowledges and agrees that neither it nor any employee acting on its behalf will exclude inmates with monocular blindness from *consideration* for corrective surgery based solely on a policy requiring an inmate to endure reversible blindness in one eye if he can still see out of the other. NDOC remains free to deny corrective surgery for other reasons, however, including but not limited to: 1) a surgery not being medically indicated; 2) the condition being misdiagnosed; 3) a surgery would not help; or 4) there exists a genuine difference of opinion between a physician and the prisoner – or between medical professionals – concerning what medical care is appropriate. See, Colwell, at 763 F.3d at 1069.

4. Plaintiff acknowledges and agrees that he has the sole responsibility for the payment of any taxes, interest, or penalties arising from the receipt of the Payment. NDOC makes no representation as to the taxability of the Payment. Plaintiff agrees with respect to the Payment to indemnify and hold harmless the NDOC in the event the Internal Revenue Service or any other taxing authority assesses any taxes, penalties or interest against the NDOC as a result of the Payment.

3

Settlement Agreement In the Matter of
Miller v. Aranas, et al.
Case No. 3:17-cv-00068-MMD-CSD
Page 4 of 6

## IV. FEES AND COSTS

The NDOC and Plaintiff agree that the payment of $7,500 to Plaintiff provided herein is exclusive of reasonable and verifiable costs and attorneys' fees, with said costs and fees to be determined by the Court upon motion by Plaintiff, to be filed no later than 30 days from the date this Agreement is executed.

## V. COMPROMISE, NO LIABILITY, AND ENFORCEMENT

This Agreement is a complete compromise of matters involving disputed issues of law and facts relating to the allegations asserted in the Complaint. Consideration given by NDOC in exchange for Plaintiff's dismissal of the Litigation is not to be construed and shall never at any time for any purpose be considered an admission of liability on the part of any party. The Parties' sole remedy to enforce or interpret this Agreement, or to otherwise resolve any disputes that may arise from this Agreement, shall lie in an action for breach of contract commenced in a Nevada state district court applying Nevada law seeking specific performance, costs and attorneys' fees, and expressly not money damages. Both parties understand that this provision acts as a forum selection clause, and Nevada rules of contract will apply to the enforcement action. Where state law is to be applied, this Agreement, or the relevant portions thereof, shall be construed, interpreted, and enforced in accordance with the laws, rules of procedure, and/or common law of the State of Nevada.

## VI. WAIVER

This is a full and final release applying to all known, unknown, anticipated, and unanticipated damages arising out of the aforesaid claims above identified in this Agreement. In consideration of the commitments made in this Agreement, Plaintiff hereby irrevocably, unconditionally, knowingly, and voluntarily releases, acquits, and forever discharges NDOC from each and every cause of action or claim, and liability, whether known or unknown, asserted or

Settlement Agreement In the Matter of
Miller v. Aranas, et al.
Case No. 3:17-cv-00068-MMD-CSD
Page 5 of 6

unasserted, which Plaintiff has or may have against NDOC as of the date of execution of this Agreement, relating to or arising out of the Complaint.

## VII. BINDING EFFECT UPON SUCCESSORS IN INTEREST

This Agreement shall be binding upon and accrue to the benefit of the NDOC and the Plaintiff, and their respective successors and assigns.

## VIII. ADVICE AND ACKNOWLEDGEMENT OF TERMS

In entering into this Agreement, NDOC acknowledges and represents that it has relied upon the legal advice of its attorneys and that the terms of this Agreement have been explained to it by its attorneys to its satisfaction, and that it fully understands and voluntarily accepts those terms. In entering into this Agreement, Plaintiff acknowledges and represents that he has relied upon the legal advice of his attorneys and that he fully understand and voluntarily accepts those terms.

## IX. COMPLETENESS OF DOCUMENT

This Agreement contains the entire understanding between the parties with respect to the matters set forth herein, and there are no representations, warranties, agreements, arrangements, or undertakings, oral or written, between or among the parties hereto relating to the subject matter of this Agreement that are not fully expressed herein.

## X. COUNTERPARTS

This Agreement may be executed simultaneously in one or more counterparts, each of which shall be deemed an original.

## XI. HOLD HARMLESS

The Plaintiff agrees to hold NDOC and its agents and employees harmless from any action which may arise as a result of the implementation of this Agreement.

## XII. MISCELLANEOUS

A.  The terms of this Agreement are contractual and not mere recitals. The terms of

Settlement Agreement In the Matter of
Miller v. Aranas, et al.
Case No. 3:17-cv-00068-MMD-CSD
Page 6 of 6

this Agreement shall be binding on all parties and / or their authorized representatives' signatures hereto shall constituted acceptance of the terms therein.

B.  This Agreement shall be construed and interpreted in accordance with the laws of the State of Nevada and shall be interpreted as if drafted by both parties.

### XIII. SEVERABILITY

The State and the Plaintiff agree that, in the event that any portion ("Offending Portion") of this Agreement is declared by a court of competent jurisdiction to be invalid or unenforceable for any reason whatsoever, then that Offending Portion shall be severed from this Agreement, as if it was never incorporated into this Agreement. The NDOC and Plaintiff further agree that if any Offending Portion is so severed from this Agreement, then the remainder of the Agreement shall, nevertheless, survive and remain fully-intact, valid, and enforceable.

Dated: 3/8/2022

_____
Clifford Miller, Plaintiff

Dated: 3/3/2022

**THE NEVADA DEPARTMENT OF CORRECTIONS**

By: _____
Medical Director

6